IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOAN BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1084-D |
| | ) | |
| CITY OF OKLAHOMA CITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff's Motion to Bar Defense Counsel's Attempt to Call Plaintiff's Counsel Professor Brian M. McCall as a Witness [Doc. No. 35]. The relief sought by Plaintiff's Motion is either an order excluding attorney Brian McCall as a trial witness or an order authorizing him to serve as a trial advocate even if Defendant City of Oklahoma City (the "City") calls him to testify.  Plaintiff has filed the instant Motion in anticipation of a future motion by the City to disqualify Mr. McCall as trial counsel. Defendants have responded in opposition to the Motion.  The City and Defendant James Brown, through municipal counsel, oppose the Motion in all respects.  The individual defendants other than Mr. Brown, who are police officers with separate representation, take no position regarding disqualification of Mr. McCall but state the Motion is premature. The Motion is fully briefed and at issue.

Plaintiff is represented in this case by three attorneys:  Brenda Barnes, an attorney from the University of Oklahoma ("OU") Legal Clinic; Mr. McCall, a professor at the OU Law Center admitted to practice *pro hac vice* in this case; and James M. Bendell, a

nonresident attorney also admitted *pro hac vice*. Ms. Barnes commenced the action for Plaintiff and moved for *pro hac vice* admission of the other attorneys. Only Messrs. McCall and Bendell appeared as counsel for Plaintiff in the Joint Status Report and Discovery Plan, or at the scheduling conference on March 6, 2017. Under the Scheduling Order, the deadline for Defendants to disclose their fact witnesses and exhibits is November 3, 2017, and the deadline to complete discovery is December 6, 2017. However, the City's attorney has stated an intention to name Mr. McCall as a trial witness, and Plaintiff seeks a determination early in the case of Mr. McCall's ability to serve as trial counsel.

Plaintiff bases her Motion on written communications between Mr. McCall and Assistant Municipal Counselor Richard C. Smith (copies of which are attached as exhibits to the Motion) that reflect a disagreement concerning whether Mr. McCall is a necessary fact witness for the City's defense of the case. Mr. McCall admits he had some personal involvement in events related to the subject of Plaintiff's Complaint, which was the performance of a "Black Mass" at the Civic Center Music Hall in Oklahoma City on September 21, 2014. Mr. McCall attests that he was an event coordinator for a protest or prayer assembly earlier that day, but he was not present at the time of Plaintiff's arrest for allegedly protesting or praying outside the performance. *See* McCall Aff. [Doc. No. 35] at 11-12, ¶¶ 3-4.

The parties agree that any disqualification of Mr. McCall from serving as Plaintiff's attorney at trial is governed by Rule 3.7 of the Oklahoma Rules of Professional Conduct, which this Court has adopted. *See* LCvR83.6(b). Rule 3.7(a) provides: "A lawyer shall

not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" except in limited circumstances, including where "the testimony relates to an uncontested issue" or where "disqualification of the lawyer would work substantial hardship on the client." Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 3.7(a). Plaintiff contends Mr. McCall is not a "necessary witness" because his personal knowledge concerns facts that are not relevant to the trial issues or could be presented in a different way, either through another witness or by a stipulation of the parties. Alternatively, Plaintiff contends the exceptions are satisfied here, in that Mr. McCall's testimony would relate to an uncontested issue and his disqualification would cause substantial hardship to Plaintiff because he is serving *pro bono* and previously represented Plaintiff in the criminal case related to her arrest.

The City disagrees, arguing that Mr. McCall "was a participant in the City's planned response to a constitutionally protected activity," referring to the Black Mass, and that he personally communicated with municipal employees regarding plans for the event. *See* Def. City's Resp. Br. [Doc. No. 37] at 2 (footnote omitted) & Ex. 2 [Doc. No. 37-2] at 7-8. The City's position is that Mr. McCall is a necessary witness to defend against Plaintiff's claim of municipal liability under 42 U.S.C. § 1983, which is based on allegations that the City had an official policy of arresting and bringing false charges against protestors who opposed the Black Mass and engaged in prayer. *See* Compl. [Doc. No. 1], ¶¶ 101-04. The City's position regarding Plaintiff's alternative proposal that Mr. McCall be allowed to testify and serve as a trial advocate is unclear; the City seems to argue this circumstance could be addressed by appropriate jury instructions. *See* Def. City's Resp. Br. [Doc. No. 37] at 4.

Rule 3.7 prohibits a lawyer from serving a dual role in the trial of a case as both an advocate and a witness except in specific circumstances. *See* Okla. Stat. tit. 5, ch. 1, app. 3-A, r. 3.7, cmt. 3; *see also Jensen v. Poindexter*, 352 P.3d 1201, 1206 (Okla. 2015); *Crussel v. Kirk*, 894 P.2d 1116, 1120 (Okla. 1995). The advocate-witness rule "protects the integrity of the judicial process by: (1) eliminating the possibility that the lawyer will not be an objective witness, (2) reducing the risk that the finder of fact may confuse the roles of witness and advocate, and (3) promoting public confidence in a fair judicial system." *Jensen*, 352 P.3d at 1206; *see Crussel*, 894 P.2d at 1120. Where an attorney of record for a party is a necessary trial witness, the attorney can continue as co-counsel and represent the party in other aspects of the proceeding so long as the attorney takes "the necessary prophylactic measures, all consistent with the rationale of Rule 3.7, to insulate himself from the role of trial advocate." *Crussel*, 894 P.2d at 1120; *see Jensen*, 352 P.3d at 1206. Unwilling to limit Mr. McCall's role in this case, Plaintiff seeks a determination, first, that he is not a "necessary witness" for the City's defense.

The advocate-witness rule is common in American jurisprudence, as are related policies of protecting a litigant's right to his choice of counsel and preventing motions to disqualify counsel from being used as tactical weapons in litigation. *See Jensen*, 352 P.3d at 1205; Okla. Stat. tit. 5, ch. 1, app. 3-A, Scope ("the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons"). Consistent with these policies, courts have narrowly defined the term "necessary witness" for purposes of the advocate-witness rule to mean a witness with knowledge of facts "to which he will be the only one available to testify." *See Macheca Transp. Co. v. Philadelphia Indem. Ins.*

4

*Co.*, 463 F.3d 827, 833 (8th Cir. 2006) (internal quotation omitted). It is not enough, for example, that a party's attorney had direct communications with the opposing party that are relevant to a claim or defense. "Testimony may be relevant and even highly useful, but still not strictly necessary." *Id.*; *see also Mercury Vapor Processing Techs., Inc. v. Village of Riverdale*, 545 F. Supp. 2d 783, 789 (N.D. Ill. 2008) (disqualification depends, in part, on "whether other witnesses would be able to testify to the same matters").

In this case, the parties do not sufficiently address in their briefs whether this stricter "necessary witness" standard is met. The City's arguments in particular show only that Mr. McCall's testimony would be relevant and useful to the City's defense. Assuming this is true, it is insufficient to make Mr. McCall a necessary witness and disqualify him as a trial advocate. Because this case is in early stages of discovery, however, the Court finds that it would be premature to make a determination at this point whether the City should be precluded from calling Mr. McCall as trial witness. *See Mercury Vapor*, 545 F. Supp. 2d at 789 (early in a case, "[i]t is entirely conjectural what claims, if any, will proceed to trial, let alone whether [an attorney] will be called as a [necessary] witness").

Further, if it is established that Mr. McCall has information to which only he can testify and thus he is a necessary witness, Plaintiff would bear the burden "to avoid disqualification due to substantial hardship" by demonstrating that "her interests in retaining [Mr. McCall] outweigh those of the tribunal and the opposing party in disqualifying [Mr. McCall]." *Jensen*, 352 P.3d at 1206. This balancing of interests must be done with the purposes of the advocate-witness rule in mind:

> Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client.

Okla. Stat. tit. 5, ch. 1, app. 3-A, r. 3.7, cmt. 4. The parties do not adequately address these considerations in their briefs to permit a reasoned determination of whether Mr. McCall's disqualification as trial counsel would cause substantial hardship to Plaintiff. "Disqualification of a lawyer-witness is very circumstance specific, and often these circumstances are not fully revealed until the case progresses." *Mercury Vapor*, 545 F. Supp. 2d at 789 (internal quotation omitted). Here, the Court finds that the question of whether Mr. McCall should be allowed to serve as both an advocate and a witness simply cannot be resolved at this stage of the case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Bar Defense Counsel's Attempt to Call Plaintiff's Counsel Professor Brian M. McCall as a Witness [Doc. No. 35] is DENIED without prejudice to a future motion by any party, as appropriate to the circumstances, to determine Mr. McCall's role in the trial of this case.

IT IS SO ORDERED this 28th day of July, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE